**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KATHY FOWLER and
LACRETIA GONZALES,

        Plaintiffs,

vs.                                                 Case No. 3:10-cv-884-J-34JRK

RITZ-CARLTON HOTEL COMPANY,
LLC, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on two matters:

1.      Defendant's Motion to Confirm Arbitration Award and to Enter Judgment on Attorneys' Fees and Costs and Incorporated Memorandum of Law (Doc. No. 23; "Motion to Confirm"), filed May 21, 2013, to which Plaintiffs responded in opposition on June 21, 2013, see "Plaintiffs' . . . Memorandum of Law in Opposition to Entry of Arbitration Award and Attorney's Fees . . ." (Doc. No. 26; "Response to Motion to Confirm"), as supplemented by the Notice of Filing Exhibits (Doc. No. 27), filed July 15, 2013; and

2.      Plaintiffs' Motion to Vacate Arbitration Award and Request for Evidentiary Hearing (Doc. No. 28; "Motion to Vacate"), filed July 29, 2013, as supplemented by the Notice of Filing (Doc. No. 31), filed August 1, 2013, to which Defendant Ritz-Carlton Hotel Company, LLC ("Defendant") responded in opposition on August 13, 2013, see Defendant's

---

[1]      Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

Response in Opposition to Plaintiffs' Motion to Vacate Arbitration Award and Request for Sanctions (Doc. No. 32; "Response to Motion to Vacate").

The Motions were referred to the undersigned by the Honorable Marcia Morales Howard, United States District Judge, for the issuance of a single Report and Recommendation regarding an appropriate resolution. See Order of Referral (Doc. No. 30), signed July 30, 2013 and docketed July 31, 2013.

## **I. Background**

Plaintiffs initiated this action on September 27, 2010 by filing a seven-count Complaint (Doc. No. 1) against Defendant, their former employer (as well as five individual defendants who have never appeared in this matter and who are not parties to the instant Motions[2]). Plaintiffs bring the following causes of action in the Complaint: (1) discrimination involving "rights to make and enforce contracts," in violation of 42 U.S.C. § 1981; (2) a violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.2075; (3) "common law civil theft/conversion"; (4) "unjust enrichment/quantum meruit"; (5) "breach of fiduciary duty"; (6) "breach of covenant of good faith and fair dealing"; and (7) "negligent hiring and supervision[.]" Compl. at 9-16 (emphasis and capitalization omitted).

On January 27, 2011, the parties filed a Joint Stipulation to Stay Proceedings and Submit All Claims to Binding Arbitration (Doc. No. 4; "Stipulation"). According to the Stipulation, both Plaintiffs had entered into binding arbitration agreements as part of their employment agreements with Defendant. Stipulation at 2. The parties represented that they

---

[2] There are some references in the parties' papers to "Defendants," but references in this report and recommendation are to "Defendant" because the other defendants have not appeared in this matter and are not parties to the instant Motions.

agreed the matter should be referred "to final and binding arbitration" and requested that the Court stay this case "pending the outcome of the arbitration." Id. at 3. The parties further requested "that the Court retain jurisdiction for the sole and limited purpose of enforcing, vacating, or modifying the arbitrator's award." Id. (citing 9 U.S.C. §§ 9-12).

The Court entered an Order on February 2, 2011 construing the Stipulation as a motion, granting it, and staying the instant case "pending the completion of the arbitration proceedings." Order (Doc. No. 6) at 1. The Court also directed Defendants to file a status report by June 2, 2011 and "every 120 days thereafter until the arbitration is completed." Id. at 2. Defendant complied with the Court's directives by filing status reports. See Doc. Nos. 9, 10, 11, 13, 14, 15.

After the filing of a January 23, 2013 status report, on January 24, 2013, Plaintiffs filed a "Motion to Remand Case to Federal Court and Incorporated Memorandum of Law" (Doc. No. 16; "Motion to Remand"). In the Motion to Remand, Plaintiffs made a number of claims of bias on the part of the arbitrator. See generally Motion to Remand. Because of the alleged bias of the arbitrator and the refusal of the American Arbitration Association ("AAA") to correct the alleged bias, Plaintiffs requested that the Court "take the case away from arbitration and allow Plaintiffs to litigate their claims in this unbiased forum." Id. at 5. Defendant responded in opposition to the Motion to Remand on February 11, 2013 (Doc. No. 17). On February 19, 2013, the Court entered an Order (Doc. No. 18) denying the Motion to Remand. In the Order, the Court noted that "Plaintiffs . . . failed to cite any authority for the requested relief." Id. at 2.

On April 30, 2013, the arbitrator entered awards (one for each Plaintiff) finding entirely in favor of Defendant. See Notice of Filing Awards of Arbitrator (Doc. No. 19); see also Response to Motion to Vacate at Ex. P (arbitration awards[3]). In each, the arbitrator stated that Plaintiffs "presented no evidence whatsoever in opposition to the Motion for Summary Judgment and [the] claims were frivolous," and awarded to Defendant "reasonable attorneys' fees as to be determined by the Court." Response to Motion to Vacate at Ex. P pp. 9, 16.[4] The arbitrator also awarded Defendant unspecified costs expended in defending the action. Id.

On May 7, 2013, Plaintiffs filed a "Demand for De Novo Trial By Jury" (Doc. No. 20; "Demand"). The Court entered an Order on May 9, 2013 (Doc. No. 21) striking the Demand. In the Order, Plaintiffs' counsel was "cautioned against filing further frivolous documents that simply waste judicial resources." Id. at 3. On May 20, 2013, Defendant filed a final status report (Doc. No. 22) in which it indicated that it intended "to move this Court for entry of an Order confirming the arbitration awards . . . ." Id. at 1-2. Thereafter, the instant Motions and related documents were filed.[5]

---

[3] In that the arbitration awards appear in multiple places in the record, citations hereinafter will be to the awards attached as composite Exhibit P to the Response to Motion to Vacate.

[4] All citations to page numbers of exhibits are to the page numbers assigned by the Court's electronic filing system.

[5] Plaintiffs failed to timely respond to the Motion to Confirm. Accordingly, on June 11, 2013, the undersigned entered an Order to Show Cause (Doc. No. 25) directing Plaintiffs to respond by June 21, 2013 and show cause why the Motion to Confirm should not be granted. Plaintiffs timely responded to the Order to Show Cause by filing the Response to Motion to Confirm. Consequently, the Order to Show Cause was discharged. See Order (Doc. No. 33), entered October 18, 2013.

4

## **II. Motions**

Defendant moves to confirm the arbitration awards pursuant to 9 U.S.C. § 9. Motion to Confirm at 1. Defendant also asks the Court to enter final judgment in its favor. Id. at 1, 4. Finally, Defendant moves the Court to award attorneys' fees and costs incurred in defending against the claims made in the arbitration, as the arbitrator awarded Defendant such fees and costs but deferred to the Court regarding the amount. Id.

Plaintiffs oppose the request to confirm the arbitration awards, and they move the Court instead to vacate the awards. See Response to Motion to Confirm; Motion to Vacate. According to Plaintiffs, the Court should vacate, rather than confirm, the awards because the arbitrator "had evident partiality and conflict of interest in the case[.]" Response at Motion to Confirm at 2; see also Motion to Vacate at 1-2. Plaintiffs set forth the following seven examples of conduct by the arbitrator that purportedly show the arbitrator's evident partiality:

> 1) [the arbitrator] failed to disclose that the law firm, in which she is a partner, has an advertising relationship with the corporate Defendant's owner Marriott; 2) once the matter of conflict was raised by the Plaintiff's Motion to Disqualify the Arbitrator . . . , [the arbitrator] summarily concluded that she was not subjected to such a motion and continued to make critical discovery rulings in favor of Defendant that utterly violated the Plaintiffs' right to discovery; 3) indeed, the Defendant was not required to properly respond to any written discovery, interrogatories or production requests, despite Plaintiffs' Motions to Compel; 4) each Plaintiff was limited to just five (5) depositions; 5) the Defendant was not required to produce a corporate representative for deposition, although same was duly noticed by Plaintiffs; 6) although [the arbitrator] held the Plaintiffs' Memorandum in Opposition, Affidavits, Deposition Transcripts, and Exhibits for four (4) months following Plaintiffs' submission, she improperly refused to consider same in her summary judgment determination; and 7) four (4) months following the submission of the motions and responses on summary judgment, [the arbitrator] improperly made a request to Defendant's counsel that they unilaterally submit additional unsworn evidence in support of their motions and denied Plaintiffs' Motion to Strike same.

Response to Motion to Confirm at 2-3 (emphasis omitted); see also Motion to Vacate at 1-2.

Plaintiffs also argue that the arbitration agreements contained in their respective employment agreements "are insufficient, vague, stale and superseded[.]" Response to Motion to Confirm at 3 (emphasis and capitalization omitted). As to the request for attorneys' fees and costs, Plaintiffs indicate that they should not be awarded, but they focus their argument on the merits of the underlying arbitration, rather than explaining why they oppose the arbitrator's award of fees and costs. Id. at 4-16. Finally, Plaintiffs include with the Motion to Vacate a request for an evidentiary hearing on these issues. Motion to Vacate at 1.

Responding to the Motion to Vacate, Defendant contends that most of Plaintiffs' examples of alleged "evident partiality" are simply disagreements with the arbitrator's rulings. Response to Motion to Vacate at 15-16. Defendant also asks the Court to sanction Plaintiffs for bringing the Motion to Vacate. Id. at 16-20.[6]

### III. Discussion

The Federal Arbitration Act ("FAA") provides the following, in relevant part, with respect to a court confirming an arbitration award:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [title 9 of the United States Code]. If no court is specified in the agreement of the parties,

---

[6] Defendant contends the Motion to Vacate is procedurally flawed because Plaintiffs' counsel did not comply with Rule 3.01(g), Local Rules, Middle District of Florida prior to filing it. Response to Motion to Vacate at 1, 12-13. That rule requires a moving party to confer in good faith with the opposing party prior to filing most motions, and requires the moving party to include in its filing a certification to that effect. Defendant correctly observes that Plaintiffs' Motion to Vacate does not include a Local Rule 3.01(g) certification, and it asks the Court to deny the Motion to Vacate on that basis. Id. Although the Court takes seriously the requirements of Local Rule 3.01(g), and indeed routinely strikes filings that do not comply with the rules, the undersigned has decided to consider the merits of these matters notwithstanding the lack of compliance with the rules.

6

> then such application may be made to the United States court in and for the district within such award was made.

9 U.S.C. § 9.[7] "The FAA presumes that arbitration awards will be confirmed," and as such, [i]t is well settled that judicial review of an arbitration award is narrowly limited." Davis v. Prudential Sec., Inc., 59 F.3d 1186, 1190 (11th Cir. 1995) (citations omitted); see also AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 508 F.3d 995, 1001 (11th Cir. 2007) (quotation and citation omitted) (observing that "[b]ecause arbitration is an alternative to litigation, judicial review of arbitration decisions is among the narrowest known to the law"). Indeed, "federal courts should defer to an arbitrator's decision whenever possible[.]" B.L. Harbert Intern., LLC v. Hercules Steel Co., 441 F.3d 905, 909 (11th Cir. 2005) (citation omitted), called into doubt on other grounds by, Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1322 (11th Cir. 2010). "[A] court's confirmation of an arbitration award is usually routine or summary." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002) (citation omitted).

There are four statutory grounds on which an arbitration award may be vacated. See 9 U.S.C. § 10(a)(1)-(4). The grounds are as follows:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

[7] The parties have previously stipulated that the FAA governs the arbitration agreements at issue. See generally Stipulation.

7

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Id. "The burden is on the party requesting vacatur of the award to prove one of these four bases." Riccard, 307 F.3d at 1289 (citation omitted).

**A. Plaintiffs' Main Ground for Seeking to Vacate the Awards: Evident Partiality**

Evident partiality on behalf of an arbitrator is established "only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists." Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc., 146 F.3d 1309, 1312 (11th Cir. 1998) (citations omitted). In a case of nondisclosure, "the mere appearance of bias or partiality is not enough to set aside an arbitration award." Lifecare Int'l, Inc., v. CD Med., Inc., 68 F.3d 429, 433 (11th Cir. 1995) (citations omitted). "[T]he alleged partiality must be direct, definite and capable of demonstration rather than remote, uncertain and speculative." Id. (quotation and citations omitted).

Plaintiffs' first claim of evident partiality is that the arbitrator "failed to disclose that the law firm, in which [the arbitrator] is a partner, has an advertising relationship with the corporate Defendant's owner Marriott[.]"[8] Response to Motion to Confirm at 2 (emphasis

---

[8] Plaintiffs first raised this claim of evident partiality almost one year after the arbitrator was appointed. See Doc. No. 31-1 at 7-12 (Plaintiffs' motion filed September 24, 2012); Response to Motion to Vacate at Ex. B p.3 (October 13, 2011 correspondence appointing the arbitrator). Perhaps not coincidentally, the claim of evident partiality came one business day following the arbitrator's granting of a protective order to Defendant regarding depositions of four witnesses. See Response to Motion to Vacate at 7. The protective order was entered because Plaintiffs had failed to provide Defendant with "reasonable notice" of their intent to take depositions. Id. at 6, Ex. K p.3 (internal quotations omitted). The depositions had been noticed only four business days prior to the date on which some of them were to take place. Id. at 6, Ex. I. In the protective order, the arbitrator criticized Plaintiffs' counsel for his "lack of diligence," which was "consistent with [Plaintiffs'] counsel's prior actions (or lack thereof) in this case." Id. at Ex. K p.3.

8

omitted); see also Motion to Vacate at 1.  Plaintiffs assert (and also asserted to the AAA in support of their request to disqualify the arbitrator) that Marriott "advertised on [the] law firm's website."  Motion to Vacate at 2; see also Doc. No. 31-1 at 2 (motion to disqualify submitted to AAA).  Plaintiffs' characterization of the website "advertis[ing]" for Marriott is inaccurate. The website merely lists a couple of Marriott hotels and their addresses, along with three other hotels and their addresses, as hotels that are near the law office in Tampa.  See Doc. No. 31-1 at 4 (printout of website).  Plaintiffs point to no evidence, other than the website, to support their allegation that the law firm and Marriott have "an advertising relationship[.]" Response to Motion to Confirm at 2; see Scott v. Prudential Sec., Inc., 141 F.3d 1007, 1016 (11th Cir. 1998) (finding the plaintiff had not "pointed [the Court] to any evidence of either actual bias on the part of the arbitrators nor identified any business connection to [the defendant] that the arbitrators failed to disclose to the parties before undertaking the dispute").  Plaintiffs do not even allege that the arbitrator knew of the website's contents. See Gianelli Money Purchase Plan & Trust, 146 F.3d at 1312.  This is exactly the sort of "remote, uncertain and speculative" allegation of partiality that the Eleventh Circuit warns against.  Lifecare Int'l, Inc., 68 F.3d at 433.  Accordingly, the Court finds there is no evident partiality in this regard.

With respect to the remaining six reasons Plaintiffs advance in support of their allegation of evident partiality on behalf of the arbitrator, Plaintiffs have largely distorted and/or mischaracterized the record.  For example, Plaintiffs claim that "Defendant was not required to properly respond to any written discovery, interrogatories or production requests, despite Plaintiffs' Motions to Compel[.]"  Response to Motion to Confirm at 2; see also Motion

9

to Vacate at 2. Plaintiffs fail to explain, however, that they moved to compel this information on the last day of discovery (Response to Motion to Vacate at Ex. N pp. 2-4), and after Defendants responded (id. at Ex. N pp. 5-12), the arbitrator entered an order finding Plaintiffs' motion "without merit" (id. at Ex. N p. 13). Specifically, the arbitrator found Defendant had "properly objected to the 72 Interrogatories served by [Plaintiffs]" because they exceeded the limits provided for in the rules and they "request[ed] extensive discovery outside any nexus to [Plaintiffs'] claims." Id. The arbitrator also made observations and findings regarding Plaintiffs' attempt to take depositions that were not permitted or were otherwise inappropriate. Id. at Ex. N pp. 14-15. Finally, the arbitrator rejected Plaintiffs' claim that Defendant did not timely respond to a request for production, because in fact Defendant had timely responded. Id. at Ex. N p. 15.

Another example of how Plaintiffs have distorted and/or mischaracterized the record is the claim that the arbitrator "improperly made a request to Defendant's counsel that they unilaterally submit additional unsworn evidence in support of their motions [for summary judgment] and denied Plaintiffs' Motion to Strike same." Response to Motion to Confirm at 2-3; see also Motion to Vacate at 2. Plaintiffs fail to explain that an individual from the AAA simply emailed both counsel for Defendant and counsel for Plaintiff on behalf of the arbitrator asking for "a copy of the Employer's Plan or Agreement," that had previously been submitted by Defendant. Response to Motion to Vacate at Ex. O p. 2; see also id. at 10.[9]

---

[9] Plaintiffs' counsel's name does not appear in the list of recipients of the email. Plaintiffs' counsel's email address that is listed on the Florida Bar's website appears in the list of recipients of the email.

10

The list of distortions and mischaracterizations could continue, but the long and tortured history of the arbitration proceedings is set forth in detail in the Response to Motion to Vacate and need not be repeated in full here.[10] Most of the remaining reasons Plaintiffs advance in support of their allegation of evident partiality on behalf of the arbitrator amount to nothing more than disagreement with the arbitrator's various decisions in the case that do not establish "evident partiality" under section 10(a)(2). See, e.g., Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 75 (2d Cir. 2012) (citations omitted) (noting the Second Circuit has "repeatedly said that adverse rulings alone rarely evidence partiality"); Thian Lok Tio v. Washington Hosp. Ctr., 753 F. Supp. 2d 9, 18 (D.D.C. 2010) (stating that "[a]lthough a series of unfavorable rulings by the arbitrator may produce an appearance of bias in the eyes of the unsuccessful party, it does not justify vacating the arbitration award"). Even so, the Court has reviewed the entire record and finds "nothing unusual or inappropriate about the arbitrator's [various] rulings." Thian Lok Tio, 753 F. Supp. 2d at 17 n.9 (finding same).

There is one other claim advanced by Plaintiffs that is worth discussing in more detail: that the arbitrator allegedly "improperly refused to consider" Plaintiffs' memorandum in opposition to Defendant's motion for summary judgment. Response to Motion to Confirm at 2 (emphasis omitted); see also Motion to Vacate at 2. Plaintiffs again distort the record in making this allegation because they fail to advise the Court that their counsel did not timely submit a memorandum. See Response to Motion to Vacate at Ex. P pp. 2, 10. After this

---

[10] Indeed, Plaintiffs' counsel has been cautioned by this Court against filing documents that waste judicial resources. To point out each and every inaccuracy or mischaracterization would be very time consuming.

11

Court denied the Motion to Remand, Plaintiff's counsel filed a motion asking the arbitrator for more time to submit the memorandum, which motion was denied by the arbitrator as untimely. See id. In any event, although couched by Plaintiffs as "evident partiality" under section 10(a)(2), Plaintiffs' allegation in this regard could also be considered as "refusing to hear evidence pertinent and material to the controversy" under section 10(a)(3). To vacate an arbitration award under section 10(a)(3), however, the "refusal to hear pertinent and material evidence [must] prejudice[] the rights of the parties to the arbitration proceedings." Rosensweig v. Morgan Stanley & Co., 494 F.3d 1328, 1333 (11th Cir. 2007) (quotations and citation omitted). No such prejudice exists here because it is clear from the arbitrator's awards that notwithstanding Plaintiffs' counsel's failure to timely submit a memorandum, the arbitrator considered the record as a whole. See Response to Motion to Vacate at Ex. P.

**B. Plaintiffs' Remaining Arguments (in Response to the Motion to Confirm)**

Plaintiffs also contend, in the Response to the Motion to Confirm only, that the arbitration clauses in their respective employment agreements "are insufficient, vague, stale and superseded[.]" Response to Motion to Confirm at 3 (emphasis and capitalization omitted). To support this contention, Plaintiffs point to 9 U.S.C. § 13(a), which requires a party moving to confirm an arbitration award to file with the Clerk "[t]he agreement," and Plaintiffs essentially argue that the requirement has not been met. Response to Motion to Confirm at 3. This argument is without merit because the requirement has been met: Defendant attached to the Motion to Confirm copies of both Plaintiffs' agreements. See Motion to Confirm at Ex. A. To the extent Plaintiffs challenge whether the signatures on the employment agreements are indeed their signatures and make other arguments about how

the agreements are not valid or enforceable, see Response to Motion to Confirm at 3-4, Plaintiffs ignore their previous Stipulation that was filed with the Court. See generally Stipulation. In it, Plaintiffs conceded that they "entered into" their respective employment agreements and that the matter should be submitted to arbitration as set forth in the employment agreements. See id. at 2-3. In light of the Stipulation, the Court finds these arguments far-fetched and unpersuasive.

Plaintiffs also oppose Defendant's request for attorneys' fees and costs as awarded by the arbitrator, but Plaintiffs provide hardly any support for the opposition. Indeed, Plaintiffs in the Response to Motion to Confirm purportedly quote an unidentified case cautioning against "the 'understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not prevail, his action must have been unreasonable or without foundation. That kind of hindsight logic could discourage all but most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.'" Response to Motion to Confirm at 4.[11] The rest of Plaintiffs' argument in opposition to the request for attorneys' fees and costs focuses on discussing the merits of their claims in an apparent attempt to show they were not frivolous, see id. at 4-16, which claims the arbitrator squarely rejected as frivolous, see Response to Motion to Vacate at Ex. P. Plaintiffs end their discussion regarding attorneys fees and costs by again alleging the arbitrator improperly refused to

---

[11]  The Court has located the case purportedly quoted by Plaintiffs: Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978). In that case, the United States Supreme Court, recognizing that Title VII (a statute not at issue here) permits the award of attorney's fees in certain circumstances, upheld a district court's refusal to award attorney's fees to a prevailing party in a Title VII action. Id. at 423-24. The parties in Christiansburg Garment Co. did not submit to arbitration; rather, the district judge heard the case and decided the issue of attorney's fees. Id. at 414 (indicating the district court granted summary judgment in favor of the company). Here, by contrast, the arbitrator heard the case and decided the issue of attorney's fees.

13

consider their memorandum in opposition to summary judgment. Response to Motion to Confirm at 16. For the reasons stated supra, however, the undersigned rejects this contention.

As to the method by which the Court should determine the proper amount of fees and costs (that was left to the Court by the arbitrator), the undersigned recommends ordering Defendant to file a motion with accompanying documentation supporting the requested fees and costs within fourteen (14) days of the entry of an Order on the instant Motions. See Kostoff v. Fleet Sec., Inc., 506 F. Supp. 2d 1150, 1160-61 (M.D. Fla. 2007) (granting a motion to confirm an arbitration award, denying a motion to vacate it, and reserving jurisdiction on the appropriate amount of attorney's fees to be awarded).

## C. Plaintiffs' Request for Evidentiary Hearing

As to Plaintiffs' request for an evidentiary hearing on the Motion to Vacate, the Court recognizes that there are some instances in which evidentiary fact finding is required by the district court when an arbitrator's impartiality is questioned. See, e.g., Univ. Commons-Urbana, Ltd. v. Universal Constructors, Inc., 304 F.3d 1331, 1341 (11th Cir. 2002). This is not one of those instances. As explained supra in Section III.A.-B., Plaintiffs' claims are unsubstantiated, without merit, or both. Plaintiffs point to no evidence whatsoever that would be developed during the evidentiary hearing they request; indeed, although Plaintiffs include the request in the title of the Motion to Vacate, Plaintiffs fail to provide any factual or legal support whatsoever for it. See Legion Ins. Co. v. Ins. Gen. Agency, 822 F.2d 541, 543 (5th Cir. 1987) (finding that the moving party "assert[ed] no fact sought to be proved if [the Court]

14

were to remand for evidentiary development"). Accordingly, and as explained above, this matter is due to be decided without an evidentiary hearing.[12]

**D. Defendant's Request for Sanctions for Defending the Motion to Vacate**

Defendants also request sanctions in the form of attorneys' fees and costs for having to defend the Motion to Vacate. See Response to Motion to Vacate at 16-20. Because this request was made in a response, Plaintiffs have not had an opportunity to respond to it. Prior to sanctioning an attorney or a party, the attorney or party must generally have notice of the contemplated or requested sanction and an opportunity to be heard. Accordingly, this request is due to be denied without prejudice to renewal in the form of a motion.

### IV. Conclusion

After due consideration, it is

**RECOMMENDED**:

1. That Defendant's Motion to Confirm Arbitration Award and to Enter Judgment on Attorneys' Fees and Costs and Incorporated Memorandum of Law (Doc. No. 23) be **GRANTED**;

2. That Plaintiffs' Motion to Vacate Arbitration Award and Request for Evidentiary Hearing (Doc. No. 28) be **DENIED**;

3. That the Court direct the Clerk to enter judgment accordingly;

4. That the Court reserve jurisdiction to determine the proper amount of attorneys' fees and costs to be awarded to Defendant pursuant to the arbitrator's awards;

---

[12] Given Plaintiffs' prior requests for this Court to essentially rehear their case, the Court surmises that the request for an evidentiary hearing may be an attempt to "replicate the substance of the arbitration," which would only serve to "thwart its goal." Legion Ins. Co., 822 F.2d at 543.

5.  That Defendant be directed to file a motion within **fourteen (14) days** of the entry of an Order on the instant motions: (1) indicating the amount of fees and costs requested in connection with defending the case in the underlying arbitration proceeding; and (2) substantiating the request with appropriate documentation; and

6.  That Defendant's request for sanctions set forth in the Response to Motion to Vacate be **DENIED without prejudice** to renewal in the form of a motion to be filed (separately from the motion contemplated by paragraph 5 above) within **fourteen (14) days** of the entry of an Order on the instant motions: (1) setting forth the legal basis for the request;[13] (2) indicating the amount of fees and costs requested; and (3) substantiating the request with appropriate documentation.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on October 18, 2013.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[13] The Court recognizes that Defendant in the Response to Motion to Vacate included legal authority in support of its request for sanctions, but any motion should be a self-contained document.