**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KATHY FOWLER and
LACRETIA GONZALES,

                Plaintiffs,

vs.                                            Case No. 3:10-cv-884-J-34JRK

RITZ -CARLTON HOTEL COMPANY,
LLC, et al.,

                Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Magistrate Judge James R. Klindt's Report and Recommendation (Doc. No. 34; Report) entered on October 18, 2013. In the Report, Judge Klindt recommends that Defendant's Motion to Confirm Arbitration Award and to Enter Judgment on Attorney's Fees and Costs and Incorporated Memorandum of Law (Doc. No. 23; Motion to Confirm) be granted and that Plaintiffs' Motion to Vacate Arbitration Award and Request for Evidentiary Hearing (Doc. No. 28; Motion to Vacate) be denied. Report at 15. On November 1, 2013, Plaintiffs filed Plaintiffs' Objections to Report and Recommendation (Doc. No. 35; Objections).[1] Defendant then filed Defendant's Response in Opposition to Plaintiffs' Objections to Report and Recommendation (Doc. No. 36; Response to Objections) on November 11, 2013.

---

[1] The Court rejects Plaintiffs' improper attempt to incorporate by reference all the arguments previously made before the Magistrate Judge in their Motion to Vacate as well as their response to the Motion to Confirm. See Objections at 1 n.1.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Plaintiffs appear to make five separately-titled objections to the Report. See generally Objections. However, only three of those objections actually pertain to and specify a finding or recommendation of the Magistrate Judge. Indeed, two of the objections do not relate to any finding made by the Magistrate Judge. Rather, they simply argue the merits of the claims that were submitted to the arbitrator. See id. at 3-10. For example, the objection set forth in Section II of the Objections is simply an argument copied from Plaintiffs' Response to the Motion to Confirm and prefaced by the following sentence: "Notwithstanding the R & R's findings to the contrary, Plaintiffs' action was not frivolous and are [sic] supported by direct evidence of discrimination." Objections at 3-8; see also Plaintiffs' Response to Order to Show Cause, Memorandum of Law in Opposition to Entry of Arbitration Award and Attorney's Fees and Motion to Allow the Statutory Time to File Motion to Vacate Arbitration Award (Doc. No. 26; Response to Motion to Confirm) at 5-10.[2] In Section III which follows, Plaintiffs appear to present their legal analysis of the evidence they contend supports their claims. While Plaintiffs purport to be challenging findings set forth in the Report, they fail to recognize that in the

---

[2] Plaintiffs also changed the word "Plaintiff" to "Claimant" and altered the emphasis in certain places.

Report the Magistrate Judge did not pass on the merits of the claims submitted to the arbitrator.[3]

Instead of reviewing the merits of Plaintiffs' arbitration claims, the Magistrate Judge correctly identified the limited standard of review that the Court applies to arbitration awards. See Report at 6-7; See Cat Charter, LLC v. Schurtenberger, 646 F.3d 836, 842-843 (11th Cir. 2011) (noting that, although a district court may vacate an award based on the statutorily prescribed grounds, "arbitrators 'do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party'" (quoting Nat'l Wrecking Co. v. Int'l Bd. of Teamsters, Local 731, 990 F.2d 957, 960 (7th Cir. 1993))). The Magistrate Judge wrote:

> "The FAA presumes that arbitration awards will be confirmed," and as such, [i]t is well settled that judicial review of an arbitration award is narrowly limited." Davis v. Prudential Sec., Inc., 59 F.3d 1186, 1190 (11th Cir. 1995) (citations omitted); see also AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 508 F.3d 995, 1001 (11th Cir. 2007) (quotation and citation omitted) (observing that "[b]ecause arbitration is an alternative to litigation, judicial review of arbitration decisions is among the narrowest known to the law"). Indeed, "federal courts should defer to an arbitrator's decision whenever possible[.]" B.L. Harbert Intern., LLC v. Hercules Steel Co., 441 F.3d 905, 909 (11th Cir. 2005) (citation omitted), called into doubt on other grounds by, Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1322 (11th Cir. 2010). "[A] court's confirmation of an arbitration award is usually routine or summary." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002) (citation omitted).

---

[3]    By this objection, which merely restates Plaintiffs' arguments regarding the merits of their claims before the arbitrator, Plaintiffs simply disagree with the Magistrate Judge's ultimate conclusion rather than present a specific objection to a factual finding in the Report. Such generalized objections are entirely insufficient to warrant specific de novo consideration of the Magistrate Judge's factual findings. See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."); see also U.S. v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam); 28 U.S.C. § 636(b). Indeed, Plaintiffs must identify those portions of the factual findings in the Report of which they request this Court's specific consideration. Schultz, 565 F.3d at 1361. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." Id. (quoting Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. Unit B 1982)).

> There are four statutory grounds on which an arbitration award may be vacated. See 9 U.S.C. § 10(a)(1)-(4). The grounds are as follows:
>
> > (1) where the award was procured by corruption, fraud, or undue means;
> > (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> > (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> > (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> Id. "The burden is on the party requesting vacatur of the award to prove one of these four bases." Riccard, 307 F.3d at 1289 (citation omitted).

Report at 7-8. In accordance with the district court's limited review of the Arbitration Award, the Magistrate Judge did not address or otherwise pass upon the merits of Plaintiffs' underlying discrimination claims. Thus, Plaintiffs' arguments, here, regarding the existence of direct evidence of discrimination, which are simply an attempt to reargue the merits of their claims before the arbitrator, are misplaced. The Magistrate Judge simply did not make findings regarding the substantive merit of Plaintiffs' claims.

The Supreme Court has cautioned that the bases for vacatur of an arbitration award are limited to those set forth in 9 U.S.C. § 10(a). Cat Charter, 646 F.3d at 842 n.10 (citing Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 578 (2008)). As the Magistrate Judge limited his review to those bases, and did not review the merits of the arbitrator's determination that Plaintiffs' claims were frivolous (as an appellate court might), Plaintiffs' substantive arguments here are unavailing. As such, the Court declines to address these

-4-

objections further, and will turn to Plaintiffs' objections which actually relate to findings made by the Magistrate Judge in the Report.

Plaintiffs' first objection to a finding found in the Report is that the Magistrate Judge misstates "pertinent procedural and factual history." See Objections at 1-3. Specifically, they contend that in the Report the Magistrate Judge erroneously concluded that the arbitrator actually considered Plaintiffs' untimely responses to Defendant's motion for summary judgment, and as such, the Magistrate Judge failed to consider evidence central to their claim of partiality—that the arbitrator refused to consider the evidence in their responses. Id. at 2-3. However, Plaintiffs misstate the Magistrate Judge's finding.  In the Report, the Magistrate Judge found that the arbitrator considered the record, meaning the depositions and all evidence before her, not that she considered Plaintiffs' responses to Defendant's motion for summary judgment. See Report at 12; Defendant's Response in Opposition to Plaintiffs' Motion to Vacate Arbitration Award and Request for Sanctions (Doc. No. 32-16; Response to Motion to Vacate),[4] Exhibit P (Doc. No. 32-16; Arbitration Awards) at 3, 11.  Indeed, it is apparent from a review of the Report that the Magistrate Judge did not suggest that the arbitrator actually considered Plaintiffs responses to the motions for summary judgment as he stated:

> There is one other claim advanced by Plaintiffs that is worth discussing in more detail:  that the arbitrator allegedly "improperly refused to consider" Plaintiffs' memorandum in opposition to Defendant's motion for summary

---

[4] To the extent that Defendant's Response in Opposition to Plaintiffs' Motion to Vacate Arbitration Award and Request for Sanctions (Doc. No. 32) contains a request for attorney's fees, that request is denied without prejudice. If Defendant chooses to do so, within fourteen (14) days from the entry of this Order, it may file a separate motion requesting sanctions in the form of attorney's fees and costs associated with defending the Plaintiffs' Motion to Vacate. Such a motion shall set forth the legal basis for the request, indicate the requested amount of fees and costs, and substantiate the requested amount.

> judgment. Response to Motion to Confirm at 2 (emphasis omitted); see also Motion to Vacate at 2. Plaintiffs again distort the record in making this allegation because they fail to advise the Court that their counsel did not timely submit a memorandum. See Response to Motion to Vacate at Ex. P pp. 2, 10. After this Court denied the Motion to Remand, Plaintiff's counsel filed a motion asking the arbitrator for more time to submit the memorandum, which motion was denied by the arbitrator as untimely. See id.

Report at 11-12.

In the Arbitration Awards, the arbitrator indicated that she "reviewed in full" the deposition transcripts of Plaintiffs, which Defendant had submitted with its motion for summary judgment, despite Plaintiffs' counsel's failure to timely file a response. See Arbitration Awards at 3, 11. Plaintiffs do not deny that their responses were untimely, but instead contend that the arbitrator should have considered them because the responses "were in her possession for nearly two (2) months before entering her ruling. The only reason not to consider the evidence presented by Plaintiffs would have to be punitive in nature. . ." Objections at 2-3 & n.2. Although the parties dispute whether Plaintiffs actually submitted any responses to Defendant's motion for summary judgment to the arbitrator,[5] the Court need not resolve that discrepancy. Regardless of whether Plaintiffs actually submitted responses that the arbitrator

---

[5] The record reflects that on February 25, 2013, days after this Court denied Plaintiffs' request to return this case from arbitration to federal court, see Order (Doc. No. 18), Plaintiffs requested five additional days to file their responses to Defendant's motions for summary judgment, despite the fact that the deadline to file such responses was December 28, 2012. See Arbitration Awards at 2, 10; see also Order on Claimants' Motion for Leave to File Responses in Opposition to Respondent's Motions for Summary Judgment (Doc. No. 36-2; Order on Claimants' Motion). Plaintiffs represent that they filed their responses within five days of filing their motion for additional time to file responses. See Objections at 2. Defendant contends that Plaintiffs never filed any responses to Defendant's summary judgment motion. See Response to Objections at 3-5 ("Plaintiffs further – and more egregiously – attempt to mislead this Court by blatantly misrepresenting that they actually responded to Defendant's motion for summary judgment. . . to date, Plaintiffs have not responded to Defendant's motion for summary judgment."). Upon review of the Order on Claimants' Motion, which the arbitrator entered on March 4, 2013, it appears that a response may have been filed on that same day, but the arbitrator declined to consider it as she found that Claimants waived their right to file any opposition to the summary judgment motion by failing to provide any explanation as to why they did not respond as the case scheduling order required. See Order on Claimants' Motion.

declined to consider given the undisputed untimeliness of the responses, the Magistrate Judge concluded that the arbitrator's actions did not establish evident partiality. This Court agrees, and also declines to find that the arbitrator demonstrated evident partiality in refusing to receive and/or consider responses that would have been at least two months late.

Importantly, the Magistrate Judge nevertheless considered the additional ground for vacating the arbitration award that a liberal reading of Plaintiffs' Motion to Vacate might raise—refusing to hear certain pertinent and material evidence as identified in 9 U.S.C. §10(a)(3).  Preliminarily, the Court notes that "[i]n making evidentiary determinations, arbitrators are not required to 'follow all the niceties observed by the federal courts,' but they must give the parties a fundamentally fair hearing." Rosensweig v. Morgan Stanley & Co., 494 F.3d 1328, 1333 (11th Cir. 2007) (quoting Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997)). A federal court may only vacate an arbitrator's award for failure to hear pertinent evidence if it prejudices the rights of the parties. Id. Here, because the arbitrator adequately provided the parties with an opportunity to conduct discovery, submit dispositive motions, and file responses, Plaintiffs cannot establish that their rights were prejudiced because they failed to avail themselves of that opportunity. See Perhach v. Option One Mortg. Corp., 382 F. App'x 897, 901 ("Even though Perhach had the opportunity to submit evidence, he chose not to present witnesses and does not specify what evidence the arbitrator failed to consider."). In sum, the Court agrees with the Magistrate Judge's conclusion that the arbitrator's refusal to entertain untimely responses to Defendant's motion for summary judgment is insufficient to vacate the Arbitration Awards. See Report at 11-12. Moreover, in

rejecting this implied argument, the Magistrate Judge again noted that the arbitrator had considered the record as a whole.

Notably, regardless of whether responses were submitted to the arbitrator, Plaintiffs did not provide the Magistrate Judge with the responses they contend that the arbitrator refused to consider.[6] Thus, Plaintiffs failed to show that the evidence they arguably attempted to present was material to the arbitrator's decision, and that the arbitrator erred in declining to consider those arguments and evidence which were untimely submitted. Accordingly, Plaintiffs' first objection is due to be overruled.

Next, Plaintiffs object to the Magistrate Judge's finding that Defendant does not advertise on the arbitrator's law firm website. See Report at 9. The Magistrate Judge stated:

> Plaintiffs' characterization of the website "advertis[ing]" for Marriot is inaccurate. The website merely lists a couple of Marriot hotels and their addresses, along with three other hotels and their addresses, as hotels near the law office in Tampa. Plaintiffs point to no evidence, other than the website, to support their allegation that the law firm and Marriot have "an advertising relationship."

Id. (internal citations omitted). In objecting to this finding, Plaintiffs argue that the relationship between the law firm and the Marriott is obvious because the website clearly markets the hotel chain's services and because only three other hotels, out of hundreds in the city, are listed. See Objections at 10. However, Plaintiffs are merely speculating as to whether such a relationship exists, arguing that "it is conceivable and likely that the arbitrator's firm enjoys some discounted room rates at Marriott or other privileges." Id. at 11. As the Magistrate Judge correctly concluded in his Report, these "remote, uncertain and speculative" allegations

---

[6] The Court notes that Plaintiffs suggest that the arbitrator "would have discovered direct evidence of discrimination" if she had considered the "memorandum of law, affidavits, deposition transcripts, [and] hundreds of documents." Objections at 2. However, Plaintiffs do not identify what was contained in this evidence they contend that they submitted to the arbitrator that she did not consider.

-8-

of partiality are insufficient to establish evident partiality.  Report at 9; see also Lifecare In't Inc. v. CD Med., Inc., 68 F3d 429, 433 (11th Cir. 1995).  Therefore, this objection is due to be overruled.

Plaintiffs also object to the Magistrate Judge's conclusion that Defendant responded to their discovery requests and argue that the arbitrator did not sufficiently address the issues they raised in the motion to compel.  See Objections at 11.  However, Plaintiffs ignore the Magistrate Judge's recitation of the arbitrator's reasoning in denying the motion to compel, which Plaintiffs filed on the last day of discovery, and in which they propounded excessive and unnecessary interrogatories.  See Report at 10; see also Exhibit N to Response to Motion to Vacate (Doc. No. 32-14 at 13-15; Order on Claimants' Motion to Compel Discovery).  Plaintiffs do not attempt to explain how the Magistrate Judge's review of the record was incorrect, and the Court sees no error in the Magistrate Judge's findings.

Last, Plaintiffs generally object to the Magistrate Judge's recommendation that the Court deny their request for an evidentiary hearing.  However, they do not attempt to respond to the Magistrate Judge's finding that "Plaintiffs point to no evidence whatsoever that would be developed during the evidentiary hearing they request."  Report at 14; Objections at 12.  Indeed, they still fail to identify evidence relevant to the limited issues before the Court that they believe warrant consideration at an evidentiary hearing.  Thus, Plaintiffs' final objection is also due to be overruled.

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.[7]

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Objections to Report and Recommendation (Doc. No. 35) are **OVERRULED**.

2. Magistrate Judge James R. Klindt's Report and Recommendation (Doc. No. 34) is **ADOPTED AS MODIFIED ABOVE**.

3. Plaintiffs' Motion to Vacate Arbitration Award and Request for Evidentiary Hearing (Doc. No. 28) is **DENIED**.

4. Defendant's Motion to Confirm Arbitration Award and to Enter Judgment on Attorney's Fees and Costs and Incorporated Memorandum of Law (Doc. No. 23) is **GRANTED**.

   a) The Arbitration Award in favor of Ritz-Carlton Hotel Company, LLC, and against Kathy Fowler is **CONFIRMED**.

   b) The Arbitration Award in favor of Ritz-Carlton Hotel Company, LLC, and against Lucretia Gonzaelez is **CONFIRMED**.

---

[7] The Court clarifies one finding in the Report. In their Response to the Motion to Confirm, Plaintiffs oppose the award of attorney's fees and costs and quote Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978). In the Report, the Magistrate Judge noted that Title VII is a statute not at issue here. Report at 13 n.11. However, the Christiansburg standard would be the applicable standard for an award of attorney's fees as to Plaintiffs' claims of discrimination. Notably, a review of the Arbitration Awards reflects that the arbitrator applied the criteria set forth in Christiansburg, making a determination that Plaintiffs' discrimination claims were frivolous, before making an award of attorney's fees. See Employment Arbitration Rules and Mediation Procedures, Exhibit C to Motion to Confirm (Doc. No. 23-3; Arbitration Rules) at 37 ("The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with the applicable law."). The Court does not revisit the arbitrator's determination for the reasons explained above.

5. The Clerk of the Court is directed to enter judgment in accordance with the Arbitration Awards.

6. The Court reserves jurisdiction to determine the proper amount of attorney's fees and costs to be awarded to Defendant pursuant to the arbitrator's awards.

7. Within **fourteen (14) days** of the entry of this Order, Defendant shall file a motion indicating the amount of fees and costs it requests in connection with defending the case in the underlying arbitration proceeding and substantiating the request with appropriate documentation.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of February, 2014.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc16
Copies to:

Counsel of Record

The Honorable James R. Klindt
United States Magistrate Judge