[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
3:10cv884-MMH-JRK

No. 14-11197-DD
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cv-00884-MMH-JRK

KATHY FOWLER,
LACRETIA GONZALES,

                                      Plaintiffs - Appellants,

versus

RITZ-CARLTON HOTEL COMPANY, LLC,

                                      Defendant - Appellee,

GEORGE CAVANAUGH, et al.,

                                      Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 19, 2014)

Before PRYOR, MARTIN and COX, Circuit Judges.

PER CURIAM:

This case comes to us with an extended history. The Plaintiffs in this case signed identical arbitration agreements. But, in violation of the plain terms of their agreements, they filed this suit instead of initiating arbitration. The parties eventually proceed to arbitration and an award was entered in favor of the defendant, Ritz-Carlton Hotel Company, LLC. Instead of accepting this result, the Plaintiffs have since perpetuated long and frivolous litigation.

## I. Facts and Procedural History

The Plaintiffs commenced this suit by filing a complaint against Ritz-Carlton that alleged seven different causes of action related to the Plaintiffs' employment with Ritz-Carlton.[1] (R. 1.) The Plaintiffs and Ritz-Carlton stipulated to stay the lawsuit and proceed to arbitration on all claims. (R. 4 at 38.) The district court granted the parties' request and issued a stay pending completion of the arbitration. (R. 6.)

Over seven months later, the Plaintiffs filed a Demand for Arbitration with the American Arbitration Association ("AAA"). (R. 32-1.) The parties mutually selected the arbitrator, (R. 32-2 at 3.) and the arbitrator issued a scheduling order

---

[1] The complaint also names five individual defendants (George Cavanaugh, et al.). (R. 1.) However, these individual defendants were apparently never served, and, in any case, the claims against them were abandoned in the district court. (R. 4.)

2

requiring the Plaintiffs to submit an amended demand for arbitration by October 28, 2011. (R. 11-1 at 3.) The Plaintiffs failed to meet this deadline. Almost three months later, on January 20, 2012, Ritz-Carlton's counsel sent the Plaintiffs' counsel an e-mail reminder that the deadline for the amended demand was overdue. (R. 32-4 at 2.) One month later, Ritz-Carlton filed a motion to dismiss the arbitration for failure to prosecute. (*Id.*) Only then, four months after the deadline, did the Plaintiffs file a motion for extension of time. (*Id.*) The arbitrator decided to grant the Plaintiff's motion for an extension and denied Ritz-Carlton's motion to dismiss because she was "reluctant to penalize [the Plaintiffs] for their attorney's lack of diligence." (*Id.* at 3.) However, the arbitrator emphasized that "[a]ny further delay created by [the Plaintiffs] or their counsel will not be tolerated in the absence of written proof of 'good cause' and will result in dismissal of [the Plaintiff's] claims with prejudice." (*Id.* at 4.)

The arbitrator issued a revised scheduling order requiring that discovery be completed by November 2, 2012. (R. 32-5.) The order provided that each party could take up to ten depositions. (*Id.*) The Plaintiffs moved to depose forty witnesses. (R. 32-6.) On, August 23, 2012, the arbitrator denied this motion, instructed the Plaintiffs to "identify those individuals who they wish to depose as soon as possible," and set September 20, 2012 as the date of the first depositions. (*Id.*) On September 18, 2012, the Plaintiffs served Ritz-Carlton with a notice of

3

intent to depose four witnesses on September 20, 2012. Ritz-Carlton moved for a protective order from these depositions based on the short notice. (R. 32-11 at 1.) The arbitrator granted the motion, but provided that the Plaintiffs could still take depositions at a later date so long as they provided Ritz-Carlton with reasonable notice. (*Id.* at 3.) In doing so, the arbitrator noted that "this lack of diligence is consistent with [the Plaintiffs'] counsel's prior actions (or lack thereof) in this case." (*Id.*)

Four days after the arbitrator released this order, the Plaintiffs moved to disqualify the arbitrator, alleging that the arbitrator "shows bias toward [Ritz-Carlton] that has utterly thwarted [the Plaintiffs'] ability to build their case via discovery." (R. 32-12 at 4.) The Plaintiffs also alleged that the arbitrator was biased in favor of Ritz-Carlton because she had an advertising relationship with Ritz-Carlton's parent company, Marriot. The AAA summarily denied the Plaintiffs' motion and reaffirmed the arbitrator's appointment. (R. 32-13.)

On November 2, 2012 (the day scheduled for *completion* of discovery) the Plaintiffs moved to compel a wide variety of discovery requests including seventy-two interrogatories (which were already answered) and depositions of six employees. (R. 32-14.) The arbitrator found the motion to be without merit and denied it. (*Id.* at 13.)

On December 7, 2012, Ritz-Carlton filed motions for summary judgment on all claims. The Plaintiffs were required to respond on December 28, 2012, but missed this deadline. (R. 32-16 at 2, 10.) Instead, almost a month later on January 24, 2013, the Plaintiffs filed a motion with the district court to remand the case to federal court because of the arbitrator's alleged bias. The district court held that the motion lacked any legal authority and denied it. (R. 18 at 2.)

On February 25, 2013—almost two months late—the Plaintiffs filed a motion requesting an additional five days to respond to Ritz-Carlton's summary judgment motion. (R. 36-2 at 2.) The arbitrator denied the motion, finding that the Plaintiffs had waived the right to respond. (R. 36-2 at 2.)

On April 30, 2013, the arbitrator issued awards in favor of Ritz-Carlton. Despite the Plaintiffs' failure to respond, the arbitrator "reviewed in full" the evidence in the record and found that most of the Plaintiffs' claims were frivolous. (32-16 at 7–9, 14–16.) The arbitrator also awarded Ritz-Carlton costs and attorney's fees, with the amount to be determined by the district court. (R. 32-16 at 9, 16.)

A week later, the Plaintiffs filed a "Demand for *De Novo* Trial by Jury." (R. 20.) The district court held that the demand was frivolous, struck it from the record, and cautioned the Plaintiffs "against filing further frivolous documents that simply waste judicial resources." (*Id.*) Ritz-Carlton moved for the district court to

5

confirm the arbitration awards. (R. 23.) The district court referred the motion to a magistrate judge, and the magistrate judge entered an order requiring the Plaintiffs to show cause why the motion should not be granted based on the Plaintiffs' failure to respond. (R. 25.) The Plaintiffs responded and sought vacatur of the arbitral awards. The Plaintiffs contended that the arbitrator showed evident partiality.[2] (R. 34.)

The magistrate judge issued a report and recommendation that the motion to confirm the arbitration award be granted and that the motion to vacate be denied.[3] (R. 34.) The court found that it was "perhaps not coincidentally, the claim of evident partiality came on the business day following the arbitrator's granting of a protective order to Defendant regarding depositions of four witnesses." (R. 34 at 8 n.8.) The magistrate judge found that the Plaintiffs' factual descriptions and arguments were "inaccurate," "largely distorted and/or mischaracterized," and "far-fetched and unpersuasive." (Id. at 9–11, 13.) The court reiterated that "Plaintiffs' counsel has been cautioned by this Court against filing documents that waste judicial resources." (Id. at 11.) And, the court stated that "[t]o point out each and every inaccuracy or mischaracterization would be very time consuming." (Id.) Over the Plaintiffs' objections, the district court adopted the magistrate judge's

---

[2] The Plaintiffs also contended for the first time that the arbitration agreements "are insufficient, vague, stale, and superseded."

[3] Although the court chose to address the motion on the merits, the court also noted that the motion to vacate did not comply with the court's local rules. (R. 34 at 6 n.6.)

report and recommendation with only a small change to the legal standard for attorney's fees. (R. 37.) The Plaintiffs appeal.

## II. Issue on Appeal

Did the district court err by confirming the arbitration award? Specifically, was the arbitrator evidently partial, or did she exceed her powers?

## III. Standard of Review

"We review confirmations of arbitration awards and denials of motions to vacate arbitration awards under the same standard, reviewing the district court's findings of fact for clear error and its legal conclusions de novo." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010).

## IV. Discussion

Judicial review of an arbitration award "is usually routine or summary" because "the FAA imposes a heavy presumption in favor of confirming arbitration awards." *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011) (quotation omitted). Arbitrators "do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party." *Id.* at 843 (quotation omitted). Instead, review of an arbitral award is limited to the four grounds for vacatur expressed in 9 U.S.C. § 10(a). Accordingly, "judicial review of arbitration decisions is among the narrowest known to the law." *AIG Baker*

*Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) (quotation omitted).[4]

**A. The arbitrator was not evidently partial.**

The Plaintiffs contend that the arbitrator was evidently partial because: Marriot (Ritz-Carlton's parent company) advertises on the arbitrator's firm's website, the arbitrator failed to accept their summary judgment response filed late, denied a discovery request, and applied an incorrect summary judgment standard.

An arbitration award may be vacated "[w]here there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C. § 10(a). "[A]n arbitration award may be vacated due to the "evident partiality" of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists. *Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998). If the allegations are based on failure to disclose a potential conflict, the arbitrator must be aware of the potential conflict. *Id.* Any "alleged partiality must be direct, definite and capable

---

[4] In the reply brief, the Plaintiffs contend that Ritz-Carlton attempts to improperly narrow the court's de novo review by contending that arbitration awards are subject to limited review and should be summarily confirmed. (Appellants' Reply Br. at 2.) This statement either belies a fundamental misunderstanding of appellate standards of review or a baseless attempt to discredit Ritz-Carlton's brief. (Appellee's Br. at 21–22.) As Ritz-Carlton's brief points out, our review of *the district court's decision* is de novo. But, the district court exercises only limited review *of the arbitral award* and will ordinarily summarily confirm *the arbitral award* unless it should be vacated for one of the grounds in 9 U.S.C. § 10(a).

of demonstration rather than remote, uncertain and speculative." *Id.* (internal quotation omitted). "[T]he 'evident partiality' exception is to be strictly construed, as it must be if the federal policy favoring arbitration is to be given full effect." *Id.* (citation omitted).

The district court correctly held that the Plaintiff's allegations fail because they are at most "remote, uncertain and speculative." *Id.* The Plaintiffs neither alleged nor presented evidence that the arbitrator even knew of this mention of a Marriot hotel on one page of her firm's website. But, even assuming she did know of this webpage, the district court correctly found that this is not an advertisement. Rather, the Marriot hotels are listed among other nearby hotels on a page labeled "concierge." Presumably, this list is simply provided for the convenience of visitors to the firm. Such a list is not direct and definite evidence of evident partiality.

The Plaintiffs' other arguments essentially ask us to infer partiality because the Plaintiffs disagree with the arbitrator's judgment. But, we have previously held that "the mere appearance of bias or partiality is not enough to set aside an arbitration award." *Lifecare Intern., Inc. v. CD Medical, Inc.*, 68 F.3d 429, 433 (11th Cir. 1995). And, the district court correctly noted that we do not review the substance of an arbitrator's judgment. *See Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1323–24 (11th Cir. 2010). Thus, as the Second Circuit has said,

"adverse rulings alone rarely evidence partiality." *Scandinavian Reinsurance Co. v. Saint Paul Fire and Marine Ins. Co.*, 688 F.3d 60, 75 (2d. Cir. 2012); *see also White Springs Agricultureal Chemicals, Inc. v. Glawson Investments Corp.*, 660 F.3d 1277, 1283 (11th Cir. 2011) (explaining that we don't review the legal merits of the arbitrators award even though an argument is presented in terms of the FAA). Accordingly, the Plaintiffs arguments are foreclosed by clear precedent in this circuit and are frivolous.[5]

In addition to these frivolous arguments, the Plaintiffs continue to claim that the Marriot has a "prior relationship" with the arbitrator's firm, advertises on the firm's website, and has an "advertising relationship" with Marriot. (Appellant's Br. 15, 16, 20.) The district court found that these allegations are "inaccurate." (R. 34 at 9.) Yet, the Plaintiffs go so far as to falsely claim that "the record in [sic] plain that the arbitrator's law firm . . . allows Marriot to advertise on the law firm's website." (*Id.* at 18–19.) And, the Plaintiffs represent to the court that "[i]n it's order adopting the R&R, the district court backed away from the R&R's contention that Marriot does not advertise on the arbitrator's website." (Appellants' Br. at 19

---

[5] On appeal, the Plaintiffs also contend that the arbitrator was evidently partial because she failed to investigate potential conflicts. (Appellant's Br. at 19–22.) At the outset, it is unclear whether this argument has been preserved. But, even assuming it is, we have firmly rejected this standard. In fact, the very case the Plaintiffs cite notes that the Eleventh Circuit follows a different standard. *See Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, 492 F.3d 132, 138 (2d Cir. 2007). Furthermore, the Plaintiffs omit mentioning *Lifecare International Inc. v. CD Medical, Inc.*, 68 F.3d 429, 434 (11th Cir. 1995), where we specifically held that a failure to investigate a potential conflict is not sufficient to establish evident partiality.

n.6; Appellants' Reply Br. at 4 n.2.) But, the district court specifically overruled the Plaintiffs' objections on this point and adopted the magistrate judge's finding. (R. 37 at 8–11.)

On appeal, the Plaintiffs add new claims that "Marriot posts" information about its hotels "on the cover page" of the arbitrator's law firm's website. (Appellant's Br. at 19; Appellants' Reply Br. at 5.) It is explicitly clear that the listing of the hotels is not on the "cover page" of the website, but rather is a page that can only be accessed by clicking other links. Furthermore, no evidence in the record supports the allegation that Marriot posts information on the website. In addition to these misrepresentations, the district court correctly found that the Plaintiffs "have largely distorted and/or mischaracterized the record" in regards to the remaining allegations of evident partiality. (R. 34 at 9.) These allegations are repeated on appeal, but we decline to continue describing "the long and tortured history of the arbitration proceedings" because "to point out each and every inaccuracy or mischaracterization would be very time consuming." (R. 34 at 11.)

**B. The arbitrator did not refuse to hear material or pertinent evidence.**

The Plaintiffs also contend that the arbitral award should be vacated because the arbitrator refused to hear material evidence. An arbitration award may be vacated "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3).

The Plaintiffs' contention is frivolous. The arbitrator allowed both parties a full and fair opportunity to present evidence. The Plaintiffs did not take advantage of this opportunity, but instead filed a response to Ritz-Carlton's summary judgment motion almost two months late. Nevertheless, the arbitrator still reviewed the entire record in deciding the summary judgment motion. According to the Supreme Court, an award is only vacated for refusing to consider evidence when an arbitrator's error is "in bad faith or so gross as to amount to affirmative misconduct." *United Paperworkers Inten. Union, AFLOCIO v. Misco, Inc.*, 484 U.S. 29, 40, 108 S. Ct. 364, 372 (1987). The allegations here fail to meet this standard. Accordingly, the Plaintiffs arguments are foreclosed by the clear precedent of the Supreme Court.[6]

### C. The arbitrator did not exceed her authority.

The Plaintiffs also contend that the arbitrator exceeded her authority by awarding costs and attorney's fees. An arbitration award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

---

[6] The Plaintiffs also contend that the district court erred by failing to hold an evidentiary hearing on these issues. Because the Plaintiffs' contentions are meritless, the district court did not err in deciding not to hold an evidentiary hearing.

At the outset, it is unclear whether this argument has been preserved. But, regardless, it is meritless. The arbitration agreements the Plaintiffs signed provide the arbitrator authority to award "whatever remedies are allowed by law." (R. 23-1 at 7.) And, the AAA rules (which were incorporated by the agreement) explicitly allow the arbitrator to award attorney's fees and costs.[7] (R. 23-3 at 37.) The Plaintiffs alleged that the arbitrator exceeded her authority. Yet, the Plaintiffs argument is not that attorney's fees are not a type of "remedy available at law." Rather, the Plaintiffs essentially argue that if the arbitrator had applied the law correctly, she would not have awarded attorney's fees. In fact, the Plaintiffs spend eleven irrelevant pages simply discussing the merit of their underlying claim. We have previously considered and rejected this precise line of argumentation in *White Springs Agricultural Chemicals, Inc. v. Glawson Investments Corp.*, 660 F.3d 1277 (11th Cir. 2011). There, we explained we will not entertain arguments that the arbitrator "exceeded her powers by acting contrary to the law" because we do not review the arbitrator's award for underlying legal error. *Id.* at 1283. Even though the Plaintiffs present their arguments in terms of the Federal Arbitration Act, they ask us to do what we may not—look to the legal merits of the underlying award. *Id.* Accordingly, the Plaintiffs argument is foreclosed by our precedent.[8]

---

[7] Notably, the Plaintiffs omit these inconvenient facts.
[8] In making this argument, the Plaintiffs contend that the Middle District of Florida has previously held that this agreement limits the employee's financial exposure to $50.00.

13

## V. Conclusion

Accordingly, we affirm the district court's judgment.[9]

**AFFIRMED.**

---

(Appellant's Br. at 37.)  The Plaintiffs cite an unpublished case, but the case says no such thing. *See Tranchant v. Ritz Carlton Hotel Co.*, Case No. 10-233 (M.D. Fla. 2010).

[9] In *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905 at 907 (11th Cir. 2006), we warned litigants that "in order to further the purposes of the FAA and to protect arbitration as a remedy we are ready, willing, and able to consider imposing sanctions in appropriate cases." *Id.* at 914.  Accordingly, a separate order will be issued requiring the Plaintiffs to show cause why their conduct in this appeal does not warrant sanctions against the Plaintiffs, their counsel, or both.  We reserve jurisdiction to consider whether sanctions are appropriate.