**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KATHY FOWLER and
LACRETIA GONZALES,

      Plaintiffs,

                                          Case No. 3:10-cv-884-J-34JRK

v.

RITZ-CARLTON HOTEL COMPANY, LLC,
et al.,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 87; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on August 2, 2016. In the Report, Judge Klindt recommends that the Court grant in part and deny in part Plaintiffs' and Plaintiffs' Counsel's Second Amended Motion to Reduce Defendant's Attorney Fees and Costs Awards (Doc. 80; Motion to Reduce). Specifically, Judge Klindt recommends that the Court reduce only the amount of attorney's fees awarded to Defendant, but not reduce the amounts awarded for costs or sanctions. He further recommends that the Court apportion liability amongst Plaintiffs and their counsel for the attorney's fees, costs, and sanctions as follows: (1) as to Plaintiff Kathy Fowler (Fowler), $6,538.25 in costs and $18,000.00 in attorney's fees for the underlying arbitration, and $1,123.30 as a sanction for bringing the Motion to Vacate Arbitration Award and Request for Evidentiary Hearing (Doc. 28; Motion to Vacate), filed on July 29, 2013; (2) as to Plaintiff Lacretia Gonzalez (Gonzalez), $6,538.25 in costs and $15,000.00 in attorney's

1

fees for the underlying arbitration, and $1,123.30 as a sanction for bringing the Motion to Vacate; and (3) as to Plaintiffs' counsel, Earl Johnson, Jr. (Johnson), $7,000.00 for bringing the Motion to Vacate. See Report at 14. On August 19, 2016, Defendant Ritz-Carlton Hotel Company, LLC (Defendant) filed objections to the Report. See Defendant's Objections to Report and Recommendation (Doc. 88; Objections). Plaintiffs filed no response to the Objections, despite having more than the requisite time to do so, and filed no objections of their own. See Rule 72(b)(2), Federal Rules of Civil Procedure (Rule(s)).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

In the Objections, Defendant does not challenge the Report's discussion of the procedural background of this case, which both this Court and the Eleventh Circuit have discussed at length. As such, the Court will not repeat the facts here. Rather than challenge the recitation of undisputed facts, Defendant focuses on Judge Klindt's recommendation that the Court reduce the attorney's fee award previously issued. Defendant, in its brief Objections, reminds the Court that Plaintiffs and their counsel unnecessarily protracted this litigation, forcing Defendant to incur fees and costs to defend against frivolous claims. See Objections at 1. Further, Defendant argues that "the

2

recommended reductions effectively reduce the award to Defendant to almost nothing and would not serve the statutorily intended purpose of deterr[ence]" and instead would deter future defendants from seeking justifiable sanctions. See id.[1]

As an initial matter, the Court notes that Defendant argues throughout its Objections that Judge Klindt recommends reducing the "amount of fees, costs, and sanctions" previously awarded. See, e.g., id. at 2. However, this argument misstates Judge Klindt's recommended resolution of the Motion to Reduce. In fact, Judge Klindt explicitly recommends denying the Motion as to any reduction in the costs and sanctions previously imposed against Plaintiffs and their counsel. See Report at 12. Thus, the Court will overrule the Objections to the extent Defendant "requests that this Court not reduce the . . . costs[] and sanctions awards." See Objections at 2.

Defendant's true objection is to Judge Klindt's recommendation that the Court reduce the attorney's fees previously awarded from $174,486.00 to $33,000.00 based on the inability of Plaintiffs to pay the full amount awarded. See generally id.; see also Report at 12–13. Defendant argues that a reduction of this magnitude "would effectively reduce the amount awarded to almost nothing and would not serve the intended purpose of the award." See Objections at 2. The Court notes that Defendant's frustration with the circumstances of this case is justified. Indeed, as the Court has already discussed, the arbitrator previously determined that Plaintiffs pursued frivolous claims. See, e.g., Report and Recommendation (Doc. 64), entered on February 2, 2015, at 3–4, 10–11; see also

---

[1] Defendant, in the section of the Objections captioned "Introduction," also makes the conclusory assertion that "Plaintiffs and their counsel have failed to provide substantial documentation of their true inability to pay the amounts awarded to Defendant." See Objections at 1–2. However, Defendant neither makes any actual argument on this point nor cites any case law demonstrating that the evidence presented by Plaintiffs and their counsel—consisting of affidavits, bank statements, IRS documents, income statements, and details of expenses—is insufficient to justify the recommended reduction in the fee award.

Order (Doc. 66), entered on March 6, 2015, at 3 (adopting the February 2, 2015 Report and Recommendation). However, the issue at bar is not simply whether Plaintiffs and their counsel engaged in conduct for which Plaintiffs should be assessed opposing counsel's attorney's fees; both the arbitrator and this Court have already found that such is the case. See id. Rather, the only issue for this Court at this stage of the proceeding is whether Plaintiffs have shown an inability to pay such that the amount of attorney's fees previously awarded should be reduced.

Plaintiffs came forward with sufficient evidence to show that imposing the fees previously awarded, $174,486.00, would subject them to financial ruin. See Report at 12–13. Other than the conclusory argument that Plaintiffs did not provide substantial documentation proving their indigence, Defendant does not quarrel with that finding. Instead, Defendant primarily argues that a reduction to a total of $33,000 in fees is not sufficient to deter future frivolous litigation. See Objections at 2. The Court disagrees. Both Plaintiffs have shown that they are indigent—Fowler makes around $18,000 per year and Gonzales makes around $15,000 per year.[2] See Report at 12. Neither has significant assets, or equity in such assets, or makes sufficient income to pay their current financial obligations. See id. In such a situation, imposing fees in the amount of each Plaintiff's respective annual income, in addition to the $7,661.55 imposed against each Plaintiff for costs and sanctions, is hardly insignificant. See id. at 14. Moreover, Defendant has cited the Court to no authority for the proposition that such a reduction, based on inability to pay, flouts the deterrence rationale. Cf. Martin v. Automobil Lamborghini Exclusive, Inc., 307 F.3d 1332, 1337 (11th Cir. 2002) ("A sanction which a party clearly cannot pay does not

---

[2] Defendant does not oppose these findings in the Objections.

4

vindicate the court's authority because it neither punishes nor deters."); cf. also Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1338 (M.D. Fla. 2002) (finding that "the financial information from the plaintiff and her attorney demonstrates that the imposition of an award of fees and expenses in an amount of over $200,000 could lead to the financial ruin of either").[3]

Upon independent review of the record and for the reasons stated herein, the Court will overrule the Objections, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Judge Klindt correctly concluded that Plaintiffs and their counsel failed to demonstrate that the $13,076.51 in costs and the $9,246.60 in sanctions previously awarded against them should be reduced, but that Plaintiffs did demonstrate an inability to pay such that the attorney's fees previously awarded should be reduced from $174,486.00 to a total of $33,000.00. See Report at 12–14. Judge Klindt also properly found that responsibility for the $33,000.00 in attorney's fees should be apportioned to Fowler in the amount of $18,000.00 and to Gonzales in the amount of $15,000.00, based on their respective annual incomes. See id. Judge Klindt appropriately found that the $9,246.60 in sanctions awarded should be apportioned between Plaintiffs and their counsel based on the differences in their respective abilities to pay. Finally, Judge Klindt correctly found that Plaintiffs' counsel's attempt to unilaterally assign judgments from

---

[3] In this case, unlike in Scelta, the Plaintiffs have come forward with more significant evidence that they are unable to pay the fee awarded. See Scelta, 203 F. Supp. 2d at 1337 (stating "[t]he plaintiff and her attorney assert, essentially, that each has a modest annual income and a modest net worth," that the plaintiff "did not know how her commission at her current job was calculated . . . . [or] what compensation to expect for 2002," but that she was able to financially support her twenty-three year old employed daughter and also had a three-eighth interest in an apartment building in Brooklyn; stating also that the plaintiff's attorney deserved a reduction in fees based on inability to pay even though "for each of the last three seasons, the attorney has spent about $3,000 for Tampa Bay Devil Rays tickets," had given "$2,000 to his daughter's boyfriend to permit him to trade as a stockbroker," and reported a property interest in both his residence and an office building).

5

unrelated cases was improper and due to be stricken and that a payment plan imposed by the Court is unnecessary.  See id. at 13–14.  Accordingly, it is

**ORDERED**:

1. Defendant's Objections to Report and Recommendation (Doc. 88) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 87) is **ADOPTED** as the opinion of the Court.

3. Plaintiffs' and Plaintiff's Counsel's Motion to Reduce Defendant's Attorney Fees and Costs Awards (Doc. 80) is **GRANTED in part** and **DENIED in part**, as follows:

   a. The costs previously awarded are not reduced, but liability for them is apportioned to Plaintiff Fowler in the amount of $6,538.25 and to Plaintiff Gonzales in the amount of $6,538.25;

   b. The sanctions previously awarded are not reduced, but liability for the satisfaction of the sanction award is apportioned to Plaintiff Fowler in the amount of $1,123.30, Plaintiff Gonzales in the amount of $1,123.30, and to Plaintiff's counsel, Earl Johnson, Jr., in the amount of $7,000.

   c. The attorney's fees previously awarded are reduced to a total of $33,000 and liability for the payment of those fees is apportioned to Plaintiff Fowler in the amount of $18,000, and to Plaintiff Gonzales in the amount of $15,000.

4.  The Clerk of the Court is directed to strike Plaintiffs' Counsel's Notice of Filing of Assignment (Doc. 82) and Plaintiffs' Counsel's Second Notice of Filing of Assignment of Civil Judgment (Doc. 83).

5.  The Clerk of the Court is directed to enter judgment in favor of Defendant Ritz-Carlton Hotel Company, LLC and against Plaintiffs Kathy Fowler and Lacretia Gonzales and Plaintiffs' counsel, Earl Johnson, Jr., as set forth above, and to terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 28th day of September, 2016.

*MARCIA MORALES HOWARD*
MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Counsel of Record